UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H&R BLOCK EASTERN ENTERPRISES, INC. HRB ROYALTY, INC., H&R BLOCK ENTERPRISES, INC. AND H&R BLOCK AND ASSOC., L.P. <br><br> Plaintiffs, <br><br> v. <br><br> INTUIT, INC. <br> Defendant. | Case No. 06-0039-CV-W-SOW |

## COMPLAINT

Plaintiffs H&R Block Eastern Enterprises, Inc., HRB Royalty, Inc., H&R Block Enterprises, Inc. and H&R Block and Associates, L.P ("Plaintiffs") bring this cause of action against defendant Intuit, Inc. ("Defendant") based on its false and misleading advertising, unfair competition and infringement of Plaintiffs' legally-protected trademark. Plaintiffs seek injunctive, compensatory and punitive relief.

## THE PARTIES

1. Plaintiff H&R Block Eastern Enterprises, Inc. ("Block Eastern") is a Missouri corporation. Block Eastern's principal office is located at 4400 Main Street, Kansas City, MO 64111. Block Eastern is a subsidiary of H&R Block, Inc. and is part of a family of companies that collectively make up the largest provider of individual income tax preparation services in the United States.

2. Plaintiff HRB Royalty, Inc. ("HRB") is a Delaware corporation. Its principal office is located at Suite 101, TK House, Bayside Executive Park, West Bay Street and Blake Road, P.

O. Box N-8220, Nassau, Bahamas.  HRB is a wholly-owned indirect subsidiary of H&R Block, Inc. and is part of a family of companies ("H&R Block") that collectively make up the largest provider of individual income tax preparation services in the United States.

3.	Plaintiff H&R Block Enterprises, Inc. ("Block Enterprises") is a Missouri corporation.  Block Enterprises is a subsidiary of H&R Block, Inc. and is part of a family of companies that collectively make up the largest provider of individual income tax preparation services in the United States.

4.	Plaintiff H&R Block and Associates, L.P. ("Block and Associates") is a Delaware corporation.  Block and Associates is a subsidiary of H&R Block, Inc. and is part of a family of companies that collectively make up the largest provider of individual income tax preparation services in the United States.

5.	Defendant Intuit, Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware.  Defendant's principal office is located at 2632 Marine Way, Mountain View, California 94043. Defendant is registered to do business as a foreign corporation in Missouri, with its registered agent listed as CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101. Defendant is therefore a resident defendant within this District, and, in addition to conducting its advertising campaign described herein in Missouri, Defendant, on information and belief, transacts substantial business, enters into contracts in the state of Missouri, and sells its TurboTax product (which is the subject of the marketing campaign here at issue) in Missouri and to Missouri consumers.

## INTRODUCTION

6. The H&R Block, Inc. family of companies has been the market leader in tax preparation services for decades. Through the tireless efforts of H&R Block and its employees and through the development of extensive marketing plans, the "H&R Block" name (the "Mark") has become a strong, widely-known and highly-regarded trademark that symbolizes the H&R Block companies, their goods, services, excellent reputation and substantial goodwill.

7. H&R Block has spent more than 50 years developing goodwill associated with its Mark. To protect those interests, H&R Block has federally registered the Mark and variations upon the Mark with the U.S. Patent and Trademark Office. *See, e.g.,* U.S. Patent and Trademark Office ("PTO") Registration No. 2533014. (Attached as Exhibit A are true and correct copies of printouts from the PTO's Trademark Electronic Search System reflecting (1) 11 live federally-registered marks owned by H&R Block that include the Mark or variations thereon and (2) detailed information regarding Registration No. 2533014).

8. H&R Block offers a variety of goods and services in connection with its Mark, including, without limitation, in-store and online tax preparation services, as well as tax preparation software.

9. Defendant Intuit, a competitor in the tax return preparation industry, is currently using the Mark in a national advertising campaign to promote its TurboTax tax preparation software product (the "Campaign"). Defendant is strategically running this Campaign as the tax season kicks off, which also happens to be the busiest time of the year for tax preparers.

3

10. Defendant is presently broadcasting its Campaign in Missouri among other states. Defendant sells their TurboTax software in Missouri among other states. *See* Affidavit of Wade A. Thomas, attached hereto as Exhibit B.

11. Defendant's Campaign is deceptive, false and/or misleading and its use of the Mark in the Campaign is unauthorized, false and is likely to confuse, deceive and/or mislead consumers.

12. Defendant's actions constitute violations of the Lanham Act and Missouri common law. Plaintiffs come to this Court for appropriate legal and equitable relief prohibiting Defendant from using and benefiting from its false, misleading and deceptive marketing Campaign and its unauthorized and improper use of Plaintiffs' legally protected trademark.

## JURISDICTION AND VENUE

13. This is an action for violation of rights granted under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. Specifically, this action is based on Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), and the common law of Missouri. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§1331 and 1338, for the claims arising under the Lanham Act. Supplemental jurisdiction over the state law claims exists under 28 USC § 1367.

14. Venue is proper in this district under 28 USC § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.** **H&R Block Has Built Goodwill and Name Recognition During the Past 50 Years**

15. H&R Block was founded in the 1950's and, since then, has successfully grown to become the world's largest tax services company.

4

Case 4:06-cv-00039-SOW   Document 1   Filed 01/13/06   Page 4 of 12

16. Through the hard work of its employees and its franchisees, H&R Block has established a strong reputation for itself in the industry. These efforts have resulted in the accumulation of valuable goodwill and name recognition.

17. H&R Block's extensive marketing plans have built on its employees' and franchisees' efforts to further increase the consuming public's awareness of and respect for H&R Block and its services. H&R Block has invested significant assets in developing its brand identification, including through national advertising campaigns, community outreach programs and other means.

18. H&R Block uses the Mark in interstate commerce to identify its products and services and to distinguish them from those offered by others. H&R Block's advertisements, which prominently display the mark, appear in print media, on radio, on television, and on the internet. H&R Block also uses the mark on other public materials, such as letterhead and forms. For example, one of the many protected variations on the Mark is the famous green square logo that appears on thousands of store- and office-fronts nationwide:



19. H&R Block's Mark is arbitrary and fanciful in that it does not describe or suggest anything about the product, and has widespread marketplace recognition as a designation of the H&R Block company and services.

20. The Mark is a strong, distinctive and famous trademark.

21. Furthermore, the Mark is valid, protectable and incontestable, and has been in continuous use for more than five consecutive years subsequent to its registration.

A. **Defendant's Misleading Campaign and Misuse of H&R Block's Mark.**

22. Defendant is using the H&R Block Mark in interstate commerce in its nationwide Campaign to market its TurboTax products.

23. Defendant's use of the Mark is not authorized and Defendant does not have the consent of Plaintiffs to use the Mark.

24. Defendant is misusing Block's protected Mark in a nationwide campaign that misleads the consuming public regarding the nature and qualities of the parties' products and services. A true and correct copy of a storyboard depiction of Defendant's offending television advertisements is attached hereto as Exhibit 1 to the Declaration of Stephen Kolozsvary (which is attached as Exhibit C hereto). This television advertisement has been shown on national television, including on KSHB in Kansas City, Missouri, on NBC on January 9, 2006 during the "Today" show. *See* Declaration of Stephen Kolozsvary, attached hereto as Exhibit C, at ¶ 7.

25. As shown below, Defendant's nationwide television advertisement states in part that: "more returns were prepared with Turbo Tax last year than at all the H&R Block stores combined."



26. On information and belief this statement and other similar statements are literally false, deceptive and misleading and Defendant has no reasonable basis for making these claims. Defendant's misleading Campaign implies, *inter alia*, that more returns were prepared with its

products than at the H&R Block stores because it offers a product whose services are superior to – and chosen more frequently than – H&R Block's services. The facts do not support such a claim.

27. For example, Defendant's "First-Quarter Fiscal 2006 Conference Call Remarks," posted on its website states, "last year, Turbo Tax, with 21 million returns prepared, completed more tax returns than all of H&R Block's stores." (A true and correct copy of the printout from Defendant's website is attached hereto as Exhibit D).

28. At the same time, H&R Block stores prepared and filed over 24.9 million returns at its stores. An additional 1.2 million returns were prepared by H&R Block stores and paper filed. When combined, these numbers demonstrate that H&R Block prepared more than 26 million returns. Moreover, these 26 million returns do not include the millions of additional returns prepared by H&R Block through means other than its stores (such as online services). On information and belief, the number of returns prepared by H&R Block far surpasses the number of returns prepared with TurboTax in 2005.

29. In addition, as shown below, Defendant's nationwide Campaign further misleads consumers and misstates the truth by advertising that: "Turbo Tax asks me questions just like H&R Block does."



30. This language is false, deceptive and misleading to consumers as it implies that pre-programmed prompts from the TurboTax computer program are "just like" the interaction with an H&R Block tax professional, each of whom have more than sixty hours of tax preparation training and who can interact with and respond to fact specific questions from each consumer. The personalized customer attention that H&R Block customers enjoy is simply not duplicated by TurboTax's software.

31. Defendant is also running misleading radio advertisements that perpetuate and reinforce the misrepresentations from the television advertisement regarding the number of returns prepared by each company. A true and correct transcript of Defendant's offending radio advertisement is attached hereto as Exhibit 2 to the Declation of Stephen Kolozsvary (Exhibit C hereto); *see also* Exhibit C at ¶ 13.

32. From January 9-12, 2006, Defendant's offending radio advertisements ran approximately 42 times in the Kansas City and St. Louis markets alone. Exhibit C, ¶ 12. This radio advertisement was part of Defendant's national radio advertising campaign that ran in more than twenty-five other markets across the country. Exhibit C, ¶ 12.

33. Defendant has no need to use the Mark to describe their services and no right to make the unauthorized and deceptive uses of the Mark contained in their Campaign.

34. In an effort to resolve this matter prior to the filing of this complaint, H&R Block sent Defendant a cease and desist letter, to no avail. A true and correct copy of this letter is attached hereto as Exhibit E.

35. Accordingly, the present lawsuit followed.

### COUNT I  Violation of Section of 43(a) of the Lanham Act
### [By All Plaintiffs]

36. Plaintiffs incorporate herein by reference the above allegations of this verified complaint as if set forth fully herein.

37. Defendant is engaging in unfair competition by promoting their TurboTax product using the H&R Block Mark, as well as by making false, misleading and deceptive representations of fact in their advertising Campaign.

38. Defendant is using the Mark and running the Campaign in commerce in commercial advertising to promote their TurboTax product.

39. Defendant's Campaign misrepresents the nature, characteristics and qualities of Defendant's and Plaintiffs' goods, services, and/or commercial activities

40. The above described acts and practices constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

41. Plaintiffs have been or are likely to be injured as result of Defendant's conduct, either by direct diversion of sales from itself to Defendant or by loss of goodwill associated with its Mark and services.

42. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiffs' Mark and to make false, misleading and deceptive representations of fact in their advertising Campaign, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

43. Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendant's conduct as described herein.

## COUNT II  Violation of Section 32(1) of the Lanham Act
## [By Plaintiff HRB]

44. Plaintiffs incorporate herein by reference the above allegations of this verified complaint as if set forth fully herein.

45. The Mark is a federally-registered mark of HRB.

46. Defendant is presently using the Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of tax preparation software.

47. Plaintiffs have not consented to Defendant's use of the Mark

48. Defendant's use of the Mark is likely to cause confusion, or to cause mistake, or to deceive.

49. The above described acts and practices constitute violations of Section 32(1)(a) of the Lanham Act (15 U.S.C. § 1114).

50. Plaintiff has been or is likely to be injured as result of the infringement of its protected Mark, either by direct diversion of sales from itself to Defendant or by loss of goodwill associated with its Mark.

51. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiff's trademark and to make false, misleading and deceptive representations of fact in their advertising Campaign, the consuming public will continue to be confused and Plaintiff will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiff.

52. Plaintiff has no adequate remedy at law that would fully compensate it for injuries caused and continuing to be caused by Defendant's conduct as described herein.

## COUNT III - Violations of Missouri Common Law
## [By All Plaintiffs]

53. Plaintiffs incorporate herein by reference the above allegations of this verified complaint as if set forth fully herein.

54. The above described acts and practices constitute actionable unfair competition under Missouri common law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(a) issue a preliminary and permanent injunction ordering that Defendant, its agents, servants, employees, representatives, subsidiaries, franchisees and affiliates refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any promotional or advertising materials containing any use of "H&R Block" in a manner that is likely to cause confusion, or to cause mistake, or to deceive;

(b) issue a preliminary and permanent injunction ordering that Defendant cease and desist, and cause others to cease and desist, from publishing, broadcasting or otherwise disseminating Defendant's Campaign or any portion thereof that is false, misleading, deceptive or otherwise makes unauthorized use of H&R Block's intellectual property;

(c) issue a preliminary and permanent injunction ordering Defendant to issue and pay for appropriate corrective advertisements retracting the misleading marketing or promotional materials identified and to be identified, reasonably designed to reach all people to whom its false and misleading Campaign was disseminated;

(d) award Plaintiff:

(i) Defendant's profits, gains and advantages derived from Defendant's unlawful conduct;

(ii) all damages sustained by Plaintiffs by reason of Defendant's unlawful conduct, including all expenditures required to correct the false, misleading, deceptive and unfair statements in Defendant's Campaign and misappropriation of Plaintiff's trademark;

(iii) additional compensation in such sum as the court shall find to be just pursuant to 15 U.S.C. § 1117;

(iv) trebled damages pursuant to 15 U.S.C. § 1117

(v) exemplary and punitive damages as the Court finds appropriate to punish Defendant's misconduct and deter any future willful conduct; and

(vi) interest on the foregoing sums;

(e) award Plaintiffs' attorneys' fees and costs and disbursements of this action; and

(f) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP


By: /s/ Anthony J. Durone
David F. Oliver    MO Bar #28065
Anthony J. Durone    MO Bar #43872
Stacey R. Gilman    MO Bar #55690
Nick J. Kurt    MO Bar #52216
Two Emanuel Cleaver II Boulevard, #500
Kansas City, Missouri 64112
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

ATTORNEYS FOR PLAINTIFFS